[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 18, 1992 Date of Application September 19, 1992 Date Application Filed September 24, 1992 Date of Decision June 22, 1993 CT Page 6581-O
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain, at Hartford, Docket No. CR 91-85757;
John L. Stawicki, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 23 years of age at the time of sentencing, was convicted after a trial by jury of Robbery, 1st degree in violation of Section 53a-134(a)(4). He received a sentence of 12 years to run consecutively to any sentence the petitioner was then serving.
The petitioner participated with another person in the gunpoint robbery of the manager of a retail store who was making a night bank deposit of some $2,600.00. Both culprits wore ski masks to thwart identification.
The petitioner had previously been convicted of other armed robberies wherein sentences totalling 66 years were imposed and he claims that this sentence will increase his total sentence to 78 years and that such a lengthy sentence is unfairly harsh. He claims that the co-accused in the same series of robberies pleaded guilty to all the same robberies and had his cases consolidated for a package of 35 years. The petitioner claims he is being severely punished for exercising his right to trial.
The State's Attorney points out that the 12 year sentence was not at all unreasonable considering the nature of the offense and the petitioner's substantial prior record. He suggests that the petitioner is seeking a credit because he had prior sentences imposed, and urges the Division to leave the sentence unchanged. CT Page 6581-P
The petitioner has past convictions for Burglary into a dwelling, dealing in stolen property, Robbery, Kidnapping and threatening, theft of firearms and in some cases, i.e. the burglary charges, he has multiple convictions. He has a very serious criminal record for a man his age, which include crimes of violence.
While the Division does not have the criminal record of the co-accused, he obviously was given consideration for his cooperation, the fact that the victims who were so frightened in the course of the robberies were not forced by him to go through the additional fear of facing the persons who held them up at trial, and in the case under review he testified for the state. Given these factors, the outlook for the co-accused's redemption or rehabilitation is much more favorable and the sentencing Court could properly consider that factor.
The petitioner has been described as a substance abuser who would break into peoples homes for alcohol and drugs. His brother described him as wild and a person not afraid to die who at one point was a very dangerous person.
The presentence report states that the offense perpetrated by the petitioner vividly shows the threat he poses to the community and recommended an extremely lengthy consecutive sentence.
Despite that, the sentencing Court, which could have imposed a sentence of 20 years, recognized the fact that the petitioner was serving a substantial sentence and weighed that against the serious nature of this conviction.
Applying the standards of review as set forth in Connecticut Practice Book, Section 942, the Division finds the 12 year consecutive sentence imposed in this case was appropriate and it should not be modified.
Klaczak and Norko, J.s, participated in this decision. (The petitioner expressly waived his right to a hearing before a 3 judge panel and elected to proceed with 2 judges). CT Page 6581-Q